## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL CASE NO. |
| v. | 1:16-cr-00248-WSD-RGV |
| TRAVIS BALL | |

## REPORT AND RECOMMENDATION REGARDING
## DEFENDANT'S COMPETENCY TO STAND TRIAL

On October 19, 2016, defendant Travis Ball ("defendant") was committed to the custody of the Attorney General for a competency examination.  [Doc. 33]. Following an evaluation of defendant at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"), the Court, as well as counsel, received a copy of a forensic evaluation that concludes defendant is competent to stand trial. See [Doc. 44-2 (under seal)].  On January 24, 2017, the Court conducted an evidentiary hearing and heard from counsel concerning defendant's competency to stand trial. See [Doc. 43]. The parties concur that defendant is competent to stand trial, and after careful consideration of the evidence of record, the arguments of counsel, and relevant legal authority, the undersigned Magistrate Judge **RECOMMENDS** that defendant be found mentally competent to stand trial.

## I.  BACKGROUND FACTS

Defendant is charged with two counts of conveying false and misleading information through the mail by sending to the State Bar of Georgia and the Atlanta Journal Constitution a threatening communication which contained a granular substance that purported to be anthrax, in violation of 18 U.S.C. § 1038(a)(1).  [Doc. 1].  On October 18, 2016, the government filed a motion for a hearing to determine the defendant's competency following an examination pursuant to 18 U.S.C. § 4241, [Doc. 26], which defendant did not oppose, [id. at 5].  The Court granted the motion on October 18, 2016, [Doc. 33], and defendant was committed to the custody of the Attorney General for a mental health evaluation to determine if he is competent to stand trial, i.e., to understand the nature of the charges against him and to assist his attorney in the preparation of his defense, [id. at 1-2].

Defendant was admitted to FMC-Lexington on November 2, 2016, pursuant to the Court's Order, and he remained there for evaluation through December 16, 2016.  See [Doc. 44-2 at 1].  On January 11, 2017, the Warden of FMC-Lexington sent to the Court and counsel a forensic evaluation of defendant completed by Allyson N. Wood, Psy.D. ("Dr. Wood"), a forensic psychologist, who reported that defendant is presently able to understand the nature and consequences of the proceedings against him and to assist in his defense.  [Id. at 8].  After conferring with

counsel following their review of Dr. Wood's report, on January 24, 2017, the Court conducted a hearing on the issue of whether defendant has the capacity to understand the nature and consequences of the proceedings against him and to assist properly in his defense.  See [Doc. 43].

Defendant and his attorney, as well as the prosecutor, appeared at the competency hearing, see [id.], and after affording the parties the opportunity to present evidence and testimony, the parties stipulated to the admissibility of Dr. Wood's forensic evaluation, which has been filed under seal, see [Doc. 44-2], for the Court's consideration on the issue of competency and offered no additional evidence or testimony.  [Doc. 43].  The forensic report summarized defendant's history and evaluation at FMC-Lexington, and according to the report, defendant was observed each day by staff and actively participated in testing and clinical interviews by Dr. Wood.  [Doc. 44-2 at 1].  As a result of the evaluation, Dr. Wood opined that defendant is able to understand the nature and consequences of the proceedings against him and to properly assist in his defense.  [Id. at 8].  According to the forensic report, defendant has the ability to comprehend the factual aspects of his legal situation, to reasonably process relevant information, and to work with counsel.  [Id.].

## II.  DISCUSSION

"The Due Process Clause of the Fifth Amendment prohibits the government from trying a defendant who is incompetent."  United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005) (per curiam) (citations omitted).  The test for determining competency to stand trial is "whether [defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding -- and whether he has a rational as well as factual understanding of the proceedings against him."  Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (internal marks omitted).  "Whether the defendant is competent is an ongoing inquiry; the defendant must be competent at all stages of trial."  Rahim, 431 F.3d at 759 (citation omitted).  Although not settled, the Court will assume for purposes of resolving the issue of defendant's competency to stand trial in this case, that it is the government's burden to prove defendant is competent by a preponderance of the evidence.  United States v. Izquierdo, 448 F.3d 1269, 1276-78 (11th Cir. 2006) (per curiam).

"Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the evidence must indicate a present inability to assist counsel or understand the charges."  Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1259 (11th Cir. 2002) (citation and internal marks omitted); see also Battle v. United States, 419 F.3d 1292, 1299 (11th Cir. 2005) (per curiam) (same).  Neither proof of "low

intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily "equated with mental incompetence to stand trial." Medina v. Singletary, 59 F.3d 1095, 1107 (11th Cir. 1995) (citation omitted); see also Battle, 419 F.3d at 1299 (same). Nor does the fact that a defendant "has been treated with anti-psychotic drugs" render him *per se* incompetent to stand trial. Medina, 59 F.3d at 1107 (citation omitted). Quite often the best evidence of a defendant's competence to stand trial is the evidence of his behavior during the relevant time period, "especially the evidence of how he related to and communicated with others[.]" Wright, 278 F.3d at 1259.

Dr. Wood conducted clinical interviews of defendant and administered several psychological assessments while defendant was at FMC-Lexington. [Doc. 44-2 at 1-2]. Dr. Wood also obtained historical information from defendant and from records of prior psychiatric and psychological examinations. [Id.].[1] Although defendant reported a history of depression and associated treatment with

---

[1] Among the records Dr. Wood reviewed was a forensic psychiatric examination conducted by Michael C. Hilton, M.D. ("Dr. Hilton"), dated September 2, 2016. See [Doc. 44-2 at 2; Doc. 29-1 (under seal)]. The government cited Dr. Hilton's report in seeking the competency examination of defendant. [Doc. 26 at 2]. Dr. Hilton evaluated defendant's psychiatric state at the time of examination, but did not render any opinion about his competency to stand trial. See [Doc. 44-2]. At the hearing on January 24, 2017, defendant's counsel stated that although Dr. Hilton's report indicated that defendant has a mental health issue, it does not affect his competency to stand trial, and she believed that Dr. Hilton's report was consistent with Dr. Wood's evaluation.

medication related to relationship and combat stressors, he denied current, active symptoms of a mood disorder.  [Id. at 6].  Based on her evaluation of defendant and his course of consistent psychological stability, Dr. Wood opined that defendant did not appear to meet criteria for a psychiatric disorder at this time.  [Id.].

Dr. Wood's report provides a detailed discussion of her evaluation of defendant's competency to stand trial.  [Id. at 7].  Dr. Wood indicates that defendant "demonstrated an understanding of basic legal concepts and the nature of legal proceedings and an ability to apply this knowledge to the facts of his own case." [Id.].  Defendant accurately stated his charges, understood his position as a defendant in a criminal case, and was aware of the roles of participants in the courtroom.  [Id.].  He was aware of various plea options, and he reported a positive working relationship with his attorney and indicated that he would continue to converse openly and collaboratively with her.  [Id.].  Dr. Wood concluded that defendant's responses to competency and court-related questions suggested he has adequate knowledge and understanding of legal procedures.  [Id.].  Accordingly, Dr. Wood opined that defendant "is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense."  [Id. at 8].

The undisputed evidence presented at the evidentiary hearing demonstrates that defendant is competent to stand trial as he has a sufficient present ability to assist his lawyer with a reasonable degree of rational understanding and that he has a rational and factual understanding of the proceedings.  <u>Rahim</u>, 431 F.3d at 759. The evidence indicates that defendant was able to communicate with staff and doctors at FMC-Lexington, to discuss with reasonable intelligence the criminal proceedings and charges pending against him, and to consider rationally and reasonably the events and circumstances resulting in his being charged.  <u>See</u> [Doc. 44-2 at 7-8].  An understanding of complex issues or legal theories is not required. <u>See</u> <u>United States v. Hogan</u>, 986 F.2d 1364, 1373 (11th Cir. 1993) (finding that minor defects in the defendant's cognitive abilities did not render him incompetent and noting that "[e]ven perfectly competent defendants often do not fully comprehend the intricacies of some of the defensive theories offered by their lawyers" and "[t]hat level of comprehension is not a requirement of competency").  Because the undisputed evidence in this case demonstrates that defendant is presently able to understand the nature and consequences of the proceedings against him and to properly assist in his defense, the undersigned finds that defendant is presently competent to stand trial.

## III.  CONCLUSION

For the foregoing reasons and cited authority, it is **RECOMMENDED** that defendant be found competent to stand trial as he has the "present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and that he has] a rational as well as factual understanding of the proceedings against him." Rahim, 431 F.3d at 759 (citation and internal marks omitted).

**IT IS SO RECOMMENDED**, this 25th day of January, 2017.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE