IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TRAVIS BALL,<br>    Defendant. | 1:16-cr-00248-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Report and Recommendation ("R&R") [45] on the Government's request for a hearing pursuant to 18 U.S.C. § 4241 [26] to determine if Defendant Travis Ball ("Defendant") is competent to stand trial.

## I.  BACKGROUND

On July 6, 2016, Defendant was charged with two counts of conveying false and misleading information through the mail, in violation of 18 U.S.C. § 1038(a)(1), by sending to the State Bar of Georgia and the Atlanta Journal Constitution a threatening communication which contained a substance purporting to be anthrax. ([1]). On October 18, 2016, the Government moved for Defendant to undergo a competency hearing [26], to which the Defendant consented and

which the Magistrate Judge granted later that day. ([33]). Defendant went into the custody of the United States Attorney General for the evaluation, which was conducted at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). The report of the results of Defendant's evaluation, dated January 11, 2017, was provided to Defendant and the Government. The report concluded that Defendant is competent to stand trial.

After the report was completed and sent to the Court, the Magistrate Judge conducted a hearing on January 24, 2017, to determine if Defendant is competent to stand trial. ([43]). The Magistrate Judge recommended, based on the evaluation conducted at FMC-Lexington, that the case should proceed to trial.

## II.   STANDARD OF REVIEW

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a

party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (internal citations omitted).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

The parties did not file objections to the R&R and the Court thus reviews the R&R for plain error.  In the absence of any objections to the facts in the R&R, and finding no plain error in them, the Court adopts the facts in the R&R.

### III. DISCUSSION

The government is prohibited under the Fifth Amendment to the Constitution from trying a defendant who is incompetent.  United States v. Rahim, 431 F.3d 753, 759 (11th Cir. 2005).  A defendant is competent to stand trial where the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and . . . has a rational as well as factual understanding of the proceedings against him."  Dusky v. United States, 362 U.S. 402, 402 (1960) (per curiam) (internal quotation marks omitted).  Neither proof of "low intelligence, mental deficiency, nor bizarre, volatile, and irrational behavior" is necessarily "equated with mental incompetence to stand trial." Medina v. Singletary, 58 F.3d 1095, 1107 (11th Cir. 1995).

In this case, Defendant was evaluated by Dr. Allyson N. Wood, a forensic psychologist at FMC-Lexington. Dr. Wood conducted a comprehensive examination, including a review of the report of Dr. Michael C. Hilton, M.D., which was available and considered by the Court in deciding to require the competency examination conducted at FMC-Lexington. Dr. Wood gave her opinion that Defendant "is not currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceeding against him or properly assist in his defense." (R&R at 6).

On the undisputed facts presented during the competency hearing conducted by Magistrate Judge Vineyard, the Magistrate Judge recommended that "defendant be found competent to stand trial as he has the 'present ability to consult with his lawyer with a reasonable degree of rational understanding . . . [and that he has] a rational as well as a factual understanding of the proceedings against him.'" (Id. at 8). The Court finds no plain error in the Magistrate Judge's findings and recommendations. See Slay, 714 F.2d at 1095.

## IV. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Report and Recommendation [45] is **ADOPTED**. Defendant Travis Ball is found competent to stand trial and the proceedings in this case shall be processed for trial.

**SO ORDERED** this 13th day of February, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE